IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THERESA MILLER,

     Plaintiff,

v.                                        No. 12-cv-0102 SMV

CAROLYN COLVIN,[1]
Acting Comm'r of SSA,

     Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO REVERSE AND REMAND

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum [Doc. 19] ("MRR"), filed on June 8, 2012. The Commissioner responded on August 3, 2012. [Doc. 20]. Plaintiff replied on August 22, 2012. [Doc. 21]. The Court, having meticulously reviewed the entire record and being fully advised in the premises, FINDS that the MRR is not well-taken and should be denied.

Plaintiff raises a number of arguments. She asserts that the residual functional capacity ("RFC") assessment is not supported by substantial evidence and is contrary to law because the Administrative Law Judge ("ALJ") "proceed[ed] from the RFC assessment into the credibility assessment without linking the medical evidence to the RFC analysis . . ." MRR [Doc. 19] at 8. She also challenges the ALJ's credibility determination, arguing that it was based on reasons that were not supported by the record or were legally improper. *Id.* at 12. The Court is not persuaded by Plaintiff's arguments. The ALJ in this case did link his assessment of Plaintiff's

---

[1] On February 14, 2013, Carolyn Colvin became the Acting Commissioner of Social Security and will, therefore, be substituted for Commissioner Michael J. Astrue as Defendant in this action. *See* Fed. R. Civ. P. 25(d)(1) (permitting such substitutions).

RFC to the medical evidence.  Additionally, his evaluation of Plaintiff's credibility was not only permissible, but required, in formulating the RFC assessment.  Finally, Plaintiff's challenges to the ALJ's credibility findings do not pass muster.  Even disregarding all of the challenged evidence, the remaining specific evidence is adequate for affirmance.

## I.    <u>Procedural Background</u>

Plaintiff filed her application for federal disability benefits on May 21, 2007. Tr. 117−24.  The Commissioner denied her application twice.  Tr. 62−65 (initial denial); Tr. 72−74 (denial on reconsideration).  Plaintiff then requested a hearing before an ALJ. Tr. 75–76.  ALJ Frederick E. Upshall, Jr., held a hearing on September 1, 2009.  Tr. 27–59. Attorney Feliz Martone represented Plaintiff at the hearing.[2]  Tr. 27.  Plaintiff testified, as did vocational expert ("VE") Diane Weber.  *See id.*

The ALJ issued his unfavorable decision on April 1, 2010.  Tr. 20.  He found that Plaintiff's degenerative disc disease of the lumbar spine, depression, bipolar disorder, and anxiety disorder were severe.  He found that Plaintiff did not have an impairment or combination of impairments that met or equaled a "Listing."[3]  Tr. 12.  The ALJ further found that Plaintiff:

> had the [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a) except she must be allowed to sit or stand alternatively at will provided that she is not off task more than 10% of the work period.  As a result of her mental health condition, the claimant is limited to simple, routine and repetitive tasks in an environment where there is no production rate or pace work.

---

[2] Plaintiff is represented by the same law firm before this Court.  Specifically, Gary Martone represents her here.
[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

Tr. 13.  The ALJ went on to find that Plaintiff could not perform her past relevant work.  Tr. 18. However, considering her RFC, age, education, work experience, and the testimony of the VE, the ALJ found that Plaintiff could perform the requirements of other jobs such as order clerk, addresser, and telephone quotation clerk or information clerk.  Tr. 19.  Thus, the ALJ ultimately determined that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 19–20.

## II.    Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[4] is supported by substantial evidence and whether the correct legal standards were applied.  *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008).  If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief.  *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004).  Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner.  *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118.  The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Id.*  While a court may not reweigh the evidence or try the

---

[4] A court's review is limited to the Commissioner's final decision.  42 U.S.C. § 405(g).  If the Appeals Council denies review and does not modify the ALJ's decision, the ALJ's decision becomes the Commissioner's final decision, and the district court reviews the ALJ's decision.  *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994) (citing 20 C.F.R. § 404.981).

issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### III.    Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 405.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process.  20 C.F.R. §§ 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity;" *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.  If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past

relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her RFC, age, education, and work experience. *Id.*

## IV.   Analysis

Plaintiff's arguments are not persuasive.   First, the RFC assessment is supported by citations to the medical evidence.   Additionally, the ALJ properly evaluated and considered Plaintiff's credibility in his formulation of Plaintiff's RFC.   Finally, the ALJ's credibility analysis is supported by specific evidence.   Even disregarding all of the evidence that Plaintiff challenges, the remaining unchallenged evidence is sufficient to affirm the ALJ's determination.

## A.   RFC

Plaintiff argues that the RFC is not supported by substantial evidence and is contrary to law because the ALJ "proceed[ed] from the RFC assessment into the credibility assessment without linking the medical evidence to the RFC analysis . . ."   MRR [Doc. 19] at 8.   For support, Plaintiff cites to *Thompson v. Sullivan*, 987 F.2d 1482, 1491 (10th Cir. 1993) and *Huston v. Bowen*, 838 F.2d 1125, 1131 (10th Cir. 1988).   Neither of these cases helps the Plaintiff.

In *Thompson*, the court found that ALJ improperly formulated the RFC by relying on the "absence of contraindication" in the record.   987 F.2d at 1491.   The court clarified that "absence of evidence is not evidence." *Id.*   The RFC was not supported by substantial evidence; in fact, it was supported by no evidence. *Id.*   Thus, the court remanded the case. *Id.* at 1493.

In *Huston*, the court held that an ALJ may not ignore non-medical evidence of pain.  838 F.2d at 1131.  There, the ALJ failed to make *any* findings as to the credibility of the claimant's reports of pain, despite the fact that he had established a medically determinable back impairment that could—and did—cause pain.  *Id.* at 1130.  Considering that the claimant had shown, at the very least, a loose nexus between his impairment and his pain, the ALJ was remiss in failing to "full[y] evaluat[e] all subjective and objective evidence of pain."  *Id.* (citing *Luna v. Bowen*, 834 F.2d 161, 165 (10th Cir. 1987)).  The ALJ's decision, therefore, was flawed, and the case was remanded.  *See Huston*, 838 F.2d at 1133.

Contrary to Plaintiff's argument, neither holding prevents an ALJ from considering a claimant's credibility in determining her RFC.  In fact, the ALJ's decision in this case is consistent with both *Thompson* and *Huston*.  Here, the ALJ formulated the RFC based on four-and-a-half single-spaced pages of narrative analyzing the medical evidence and Plaintiff's credibility.  *See* Tr. 13–18.  Unlike the ALJ in *Thompson*, ALJ Upshall did not rely on the absence of evidence to formulate his RFC, and Plaintiff does not argue otherwise.  Thus, the administrative decision is consistent with *Thompson*.

The decision is also consistent with *Huston*.  Unlike the ALJ in *Huston*, ALJ Upshall did discuss the non-medical evidence, such as Plaintiff's subjective reports of her limitations, and made express findings on that evidence.  Tr. 14–18.

Additionally, the Court rejects Plaintiff's arguments (1) that the ALJ failed to link his RFC assessment to the medical evidence, and (2) that it was error to "proceed[] from the RFC assessment into the credibility assessment . . ."  MRR [Doc. 19] at 8.  First, the ALJ did, in fact,

link his RFC assessment to the medical evidence.  For example, the ALJ found that Plaintiff had severe impairments related to her back and to her mental health.  Tr. 12.  He found that she was limited to sedentary work with an at-will sit-stand option and other restrictions that are consistent with back problems.  Tr. 13.  He further expressly limited her to work situations with no production rate or pace requirements "as a result of her mental health conditions."  Tr. 13. The ALJ then thoroughly discussed the medical evidence and Plaintiff's subjective reports and made findings regarding both.  Tr. 14–18.  Therefore, the Court finds that the ALJ, indeed, "linked" his RFC assessment to the medical evidence.

The Court also rejects Plaintiff's argument that consideration of credibility is not appropriate in determining a claimant's RFC.  The cases Plaintiff cites do not support her position, as explained above.  More to the point, Social Security Ruling ("SSR") 96-8p expressly provides that the "RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence."  1996 WL 374184 at *7.  The ALJ's decision in this case does just that.  As discussed in greater detail below, the ALJ compared Plaintiff's reported limitations with the other evidence of record, made findings, and explained and supported his findings.  Credibility "must" be considered when formulating an RFC, and the ALJ's decision comports.

### B.  <u>Credibility</u>

Plaintiff challenges the ALJ's credibility determination on the ground that several of the ALJ's reasons were not supported by the record or were legally improper.  MRR [Doc. 19] at

12.   Even if Plaintiff were correct—which the Court does not necessarily find—and the challenged reasons were not supported by the record or were improper, the ultimate credibility determination would still be supported by substantial evidence because the ALJ closely and affirmatively linked it to other grounds that Plaintiff does not challenge.

Plaintiff challenges the following grounds offered by the ALJ in rejecting Plaintiff's subjective reports of limitations to the extent that they were inconsistent with the RFC assessment.   Doc. 19 at 9–12:

1.   "[T]he ALJ noted that [Plaintiff] testified that she was unable to get out of bed every other week due to her mental health condition, but she did not report this to her treating providers."  MRR [Doc. 19] at 9–10 (citing Tr. 17).

2.   "The ALJ also stated that Ms. Miller's allegations were not credible because she did not report any restrictions in her activities of daily living to the consultative examiner, Dr. Lev."  MRR [Doc. 19] at 10 (citing Tr. 17).

3.   "The ALJ improperly characterized Ms. Miller's thoughts about returning to school as evidence that she is capable of greater mental activity then [sic] she has alleged."  MRR [Doc. 19] at 11 (citing Tr. 18).

4.   "The ALJ also noted that [Plaintiff] did not have difficulty responding to the questions at the hearing, and that she participated fully."   MRR [Doc. 19] at 12 (citing Tr. 18).

The district court cannot re-weigh the evidence and can only review an ALJ's decision to ensure that he applied the correct legal standard and that his findings are supported by substantial evidence.   *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).   "Credibility determinations are peculiarly the province of the finder of fact, and [courts] will not upset such determinations when supported by substantial evidence."   *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995) (internal quotation marks omitted).   Boilerplate language, however, is insufficient.   *Id.*   Instead, "it is well settled that [ALJs] must give reasons for their decisions."

8

*Reyes v. Bowen*, 845 F.2d 242, 244 (10th Cir. 1988).  Although ALJs do not have to discuss "every piece of evidence," *Clifton*, 79 F.3d at 1010, their "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."  *Kepler,* 68 F.3d at 391 (internal quotation marks and brackets omitted).

The Tenth Circuit Court of Appeals does not "reduce[] credibility evaluations to formulaic expressions [nor] require a formalistic factor-by-factor recitation of the evidence.  So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied."  *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) (quoting *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000)).  Finally, where pain is the subject of the credibility dispute, the ALJ should consider such factors as:

> [1] the levels of medication and their effectiveness, [2] the extensiveness of the attempts (medical or nonmedical) to obtain relief, [3] the frequency of medical contacts, [4] the nature of daily activities, [5] subjective measures of credibility that are peculiarly within the judgment of the ALJ, [6] the motivation of and relationship between the claimant and the other witnesses, and [7] the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993) (quoting *Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991)).

Here, the ALJ sufficiently linked his credibility determination to substantial evidence.  Even if, as argued by Plaintiff, some of the ALJ's reasons were not supported by the record or were improper, numerous other reasons are not challenged.  The Court finds that the ALJ's unchallenged reasons are sufficient to support his findings, and therefore, the credibility determination should be affirmed.

The ALJ gave reasons, which Plaintiff does not challenge, to support his credibility determination, and these reasons address four of the seven *Thompson* factors.  For example, the ALJ found that:  (1) although Plaintiff testified that she is unable to function and cannot get out of bed every other week, the consultative examiner's report "did not describe such a condition and [was] otherwise inconsistent with the degree of limitations described in her testimony," Tr. 17, which addresses factor 7; (2) Plaintiff's hearing testimony regarding her ability to get along with others and Dr. Lev's report are "in direct conflict" with her function report, Tr. 17−18, which addresses factor 7; (3) Plaintiff's testimony regarding her "concentration, memory, etc." is inconsistent with Dr. Holstead's and Dr. Lev's reports, Tr. 18, which addresses factor 7; (4) Plaintiff's treatment has been "routine and conservative in nature," Tr. 18, which addresses factors 1, 2, and 3; and (5) the treatment that Plaintiff has received has "worked generally well to relieve her symptoms," Tr. 18, which addresses the first factor.

Thus, even if Plaintiff were correct and the challenged reasons were not supported by substantial evidence or were contrary to law, other specific reasons—which Plaintiff does not challenge—reasonably lead to the conclusion that Plaintiff was not credible to the extent that her subjectively reported limitations contradict the RFC.  Consequently, the Court finds that the ALJ here closely and affirmatively linked his credibility determination to appropriate, substantial evidence and, as such, committed no reversible error with respect to that finding.

## V.    Conclusion

Because Plaintiff's arguments regarding the RFC assessment and credibility analysis are not persuasive, the Commissioner's final decision should be affirmed.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum [Doc. 19] is **DENIED**.  The Commissioner's final decision is affirmed.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**